## CIRCUIT COURT OF FAIRFAX COUNTY

Yong M. Yoon

v.

Gilbert Small Arms Range, Inc., et al.

February 28, 1994

Case No. (Law) 125421

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on the defendants' demurrers to the First Amended Motion for Judgment. For the reasons stated herein, the defendants' demurrers to Count I are sustained. The defendants' demurrers to the claim for attorney's fees are sustained. The demurrer of defendants R. L. Travers and Associates, Inc., and Springfield Eight Limited Partnership to Counts II and III and to the claim for punitive damages is overruled.

The question presented by Count I is whether the plaintiff's presence on the premises as an employee of the Golf Center gives him a cause of action against an adjoining tenant and landlord[1] for maintaining a private nuisance. The Court holds that it does not. Occupancy of premises as well as ownership provides standing for bringing an action for private nuisance in Virginia. However, the occupant of the premises here is the Golf Center. That the plaintiff may have an ownership interest in the Golf Center and may be responsible for its day-to-day operation does not provide him with the occupancy or possessory interest necessary for standing to bring a private nuisance action. The more difficult question is whether the plaintiff's spending substantial time on the premises and "right to use" the premises rise to the level of occupancy or possession necessary to bring a private nuisance action. The Court holds that they do not.

---

[1] The landlord and landlord's managing agent are referred to herein as the landlord.

As to the negligence claims in Counts II and III, the Court recognizes that the law in Virginia may well be that a landlord does not owe a duty to others in relation to areas that he does not exclusively control. But the allegations in the motion for judgment appear to relate at least in part to areas within the control or direction of the landlord. The Court cannot say as a matter of law that these defendants owed no duty to someone in the plaintiff's position. Therefore the demurrer to Counts II and III is overruled.

The demurrer as to punitive damages is overruled. The Court finds sufficient allegations of actual knowledge on the part of Springfield Eight Limited Partnership and R. L. Travers and Associates, and factual allegations of willful, wanton and reckless conduct in conscious disregard of the rights of the plaintiff.

The demurrer as to attorney's fees is sustained. The Court finds no basis in law or equity upon which attorney's fees could be awarded in Counts II and III.

There appearing no basis upon which plaintiff could amend Count I to cure its deficiencies based upon the rulings of the Court, no leave to amend is granted.